NUMBER 13-08-00217-CR



 COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JORGE LUIS MURILLO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 138th District Court


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Garza
 

 On October 24, 2007, appellant, Jorge Luis Murillo, was indicted by a Cameron
County grand jury for possession of less than 2,000 pounds, but more than fifty pounds,
of marihuana, a second-degree felony. (1) See Tex. Health & Safety Code Ann. §
481.121(a), (b)(5) (Vernon 2003). On February 19, 2008, Murillo entered into a "cold plea"
with the State whereby Murillo agreed to plead guilty to the offense without a sentencing
recommendation from the State. The trial court accepted Murillo's guilty plea and
sentenced him to two years' imprisonment in the Texas Department of Criminal Justice-Institutional Division with no fine. On March 28, 2008, the trial court noted that this was not
a plea bargain case and certified Murillo's right to appeal. This appeal ensued. 

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Murillo's appellate
counsel has filed a brief stating that, based on his review of the record, "[t]his is a frivolous
appeal and no issues are presented for the Court's review." Counsel's brief meets the
requirements of Anders, as it presents a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced on appeal. See Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgment. Counsel has informed this Court that he has: (1) examined the
record and found no arguable grounds to advance on appeal, (2) served a copy of the brief
on appellant, and (3) informed appellant of his right to review the record and to file a pro
se brief. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. More than thirty
days have passed, and appellant has not filed a pro se brief.

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, Murillo's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We grant his motion
to withdraw. We further order counsel to notify appellant of the disposition of this appeal
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam).



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of November, 2008. 

1. The punishment range for a second-degree felony is "not more than 20 years or less than 2 years." 
Tex. Penal Code Ann. § 12.33(a) (Vernon 2003).